Pearson, J.
 

 The case was well argued for the plaintiff, But the argument failed to convince us, that the Judge below erred, in holding that Brittain was not the proper relator. It is true, the action should be upon the relation-of the person, who made the
 
 contract
 
 with the officer. But, we think, the contract was made by the owners of the judgments, through the agency of Brittain. The case
 
 *47
 
 states, “that the papers, upon which the judgments were rendered, had been put in the hands of Brittain, to collect as constable, and he, at no time, had, or claimed to have, any beneficial interest in the judgments.” His agency, therefore, was disclosed, and it is the same, as if the receipt had been “Rec’d of A. B. O. &c., by the hands of Brittain, the following judgments to collect,” &c.
 

 It is urged, however, that the receipt is not so worded. We admit that the receipt, as written, is
 
 prima facie
 
 evidence, that the contract was made with Brittain, and that ■the judgments were to be collected for him. But they shew, upon their face, that they do not belong to him. He executed the warrants, as constable. The receipt is not conclusive evidence of the contract. It may be shewn,'as was done in this case, with whom the contract was really made, and that Brittain, at tio time, claimed to be the party really interested.
 

 Again it is urged, that, as collecting agent of the creditors, Brittain had no authority to put the judgments into the hands of another constable, and that, at all events, his agency determined, when his office of constable expired, so that, by putting the judgments into the hands of another constable, he became responsible to the creditors, and cannot, in any point of view, be considered as doing so as their agent; and hence he should be allowed to recover in this action to enable him to meet his own liability. The creditors are not bound by this act of assumed agency on the part of Brittain. They have their election to hold him responsible, or to ratify his act and look to the present defendants. Some of them have received their money from the defendants. This ratifies .the act, and, as to their judgments, the plaintiff clearly has no cause of action. Others have not received their money.
 
 If they
 
 recover from Brittain, he will then have to -look to the defendants, because that will be a disaffirmance of his agency, and he will then stand in the same
 
 *48
 
 relation to the defendants, as if he had claimed the judgments as his, when he put them into the defendants’ hands for collection. But Brittain had not been held responsible by any of the creditors, at the time this action was brought. He had sustained no damage, and of course was not “the party injured” or “the person to whom the defendants were bound to pay.” Indeed it would be unsafe for the defendants to pay him ; for should the creditors ratify the contract made by Brittain for them, and sue them, they could not protect themselves, by shewing a payment to Brittain, and, should he be insolvent, would be without remedy. For ratifying Brittain’s act, in putting out the papers for collection, would not confer upon him a right to receive the money, nor could the creditors, if Brittain did receive the money, hold the sureties liabie on that account.
 

 It was also contended, that Brittain, being entitled to the costs upon the judgments for serving the warrants, and his assignment to Welch not affecting his right to sue, the non suit. was. for that reason, improper.
 

 Brittain’s right to sue, if he had any,
 
 was not
 
 affected by the assignment to Welch, because his claim against the constable could not, in law, be assigned.
 
 State
 
 v. Lightfoot.
 
 2
 
 Ire. 310. But the other proposition, although plausible, cannot be maintained. Brittain was not entitled to the costs, so as to give'him an interest in the judgments. They were in favor of the respective creditors, not only as to the debts, but also as to the costs. By the contract, the constable undertakes to collect, and the creditor is bound to pay him his costs. According to common usage, the costs are not demanded of the creditor, until after judgment. Then, if the debtor is not able to pay, the costs are required ol the creditor. But the judgment is in favor of the creditor for the costs, as well as the debt, upon the supposition that they have been paid by the creditor. There is not a divided judgment, in favor of the
 
 *49
 
 creditor for the debt, and the constable for the costs. It follows that the non suit was proper, Brittain notbeing interested in the judgments, even to the amount of the costs.
 

 Per Curiam.
 

 Judgment affirmed.